CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

*for Roanoke*

MAY 22 2007

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

WILLIAM MICHAEL YORK,  )
    Plaintiff,  )    Civil Action No. 7:07-cv-00250
    )
v.  )    **MEMORANDUM OPINION**
    )
FREDERICK MOSES, et al.,  )    By: Hon. Jackson L. Kiser
    Defendants.  )    Senior United States District Judge

Plaintiff William Michael York, inmate number 370249 at Wallens Ridge State Prison, has filed a pro se civil rights action pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Upon consideration of the complaint, it is clear that plaintiff admits that he "did not exhaust the grievance procedure," offering the explanation that he failed to do so because a nurse, one of the defendants in this action, "would always talk really nice to me and made me believe that the Medical [Department] was going to treat me ASAP." Because plaintiff did not exhaust his administrative remedies before filing this action, I find that his claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

1

In his complaint, plaintiff states that he did not exhaust all available administrative remedies before filing his complaint. Generally, inmates have a grievance procedure available that includes the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. While plaintiff's submissions include a number of grievance forms that he has filed with regard to his medical treatment, he clearly states that he has not appealed any of the grievances he has filed regarding his medical treatment. Because he has not appealed such grievances, he has not fully exhausted his current claim, as required pursuant to 42 U.S.C. § 1997e(a) before filing a federal lawsuit. Thus, I shall dismiss these claims pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER**: This 22nd day of May, 2006.

Senior United States District Judge

2